UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| MICHAEL ELLIOTT, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 6:18-CV-92-REW |
| | ) | OPINION & ORDER |
| AARON SMITH, Warden, | ) | |
| Respondent. | ) | |

\* \* \* \* \* \* \* \* \* \*

On March 19, 2018,[1] Petitioner, Michael Elliott, filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. DE 1 (Petition). The Court, finding the petition time-barred, dismissed the petition with prejudice. DE 18 (Opinion & Order). Further, perceiving the petition's untimeliness as beyond fair debate, the Court denied a certificate of appealability (COA). *Id.* Elliott now moves for an extension of time "to perfect a certification of [appealability] to the Sixth Circuit[.]" DE 21 (Motion).

Federal Rule of Appellate Procedure 22(b) allows a petitioner seeking a COA, after a district court denial, to "request a circuit judge to issue it." Fed. R. App. P. 22(b)(1). Yet, "[n]either the Rules Governing Section 2254 Cases nor the Federal Rules of Appellate Procedure contain a time by which a motion for a certificate of appealability must be filed." *Williams v. Ludwig*, No. CIV. 10-11003, 2012 WL 3964981, at \*1 (E.D. Mich. Sept. 11, 2012).

---

[1] This filing date reflects the prison mailbox rule. *See Richard v. Ray*, 290 F.3d 810, 812–13 (6th Cir. 2002) (*per curiam*). Here, Elliott averred to placing the motion in the prison mailing system on March 19, 2018. DE 1, at 15.

1

On the other hand, "Federal Rule of Appellate Procedure 22 states that if no request for a certificate of appealability is addressed to the court of appeals, [a] notice of appeal constitutes such a request." *Id.* Additionally, "the 30-day time limit for the filing of a notice of appeal [or its functional equivalent] is a jurisdictional requirement, *see Bowles v. Russell*, 551 U.S. 205, 209-10, 127 S. Ct. 2360, 168 L.Ed.2d 96 (2007)[.]" *Wells v. Ryker*, 591 F.3d 562, 564 (7th Cir. 2010). Thus, the effective time-limit for a motion for a certificate of appealability, whether construed as a notice of appeal precursor or as its functional equivalent,[2] is 30 days.

The federal rules permit a district court to "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after" entry of the judgment. Fed. R. App. P. 4(a)(5). Thus, the rules authorize an extension for the functional equivalent of, and effective deadline for, a request for the Sixth Circuit to issue a certificate of appealability. Elliott's extension request comes less than 30 days after the Court's July 15, 2018, judgment. Accordingly, the Court, pursuant to FRAP 4(a)(5), **GRANTS** DE 21. The Court extends the deadline for 30 days, the maximum under Rule 4(a)(5), as requested.[3]

This the 13th day of August, 2018.

---

[2] *See Wells*, 591 F.3d at 565 ("But it's important to remember that a certificate of appealability is only a functional equivalent of a notice of appeal; it was still incumbent on [Petitioner] to file a notice of appeal during the 30-day window because he never tried to extend the time to file a notice of appeal.").

[3] The Court also notes the possibility that the Sixth Circuit could construe the extension motion, itself, as satisfying the Rule 3 notice of appeal requirements. *Isert v. Ford Motor Co.*, 461 F.3d 756, 762 (6th Cir. 2006) ("As this circuit's cases show and as the many decisions from other circuits confirm, an extension-of-time motion frequently will satisfy the modest requirements of Rule 3(c)."). Nonetheless, the Court, finding the requested relief justified under the applicable rule, declines to decide the issue at this stage.



Signed By:
*Robert E. Wier* RᴇW
**United States District Judge**